a Memorandum. — In the vacation previous to this term, to wit: on the 22d of July, 1744, Judge Layton resigned his office of Associate Judge of the State; and the Hon. David Hazzard, of Sussex county, was on the 10th of December, appointed to succeed him.
At the last term, Mr. Bates, for the administrator of Mrs. Cook, moved the court for an order on the prothonotary to ascertain the amount of a judgment rendered against I. T. Cooper, on the 24th of November, 1830. There were two suits brought to November term, 1829, and docketted as actions of debt, by Amelia Cook, asassignee of N. Clark, sheriff, against R. J. Cooper and I. T. Cooper, severally. There was an appearance in each case, and judgment by confession, at the November term, 1830; "amount to be ascertained by the prothonotary, with stay of execution for five months." The amount of this judgment had never been ascertained. Both the plaintiff and the defendant, R. J. Cooper, were dead.
Mr. Fisher, for the defendant, I. T. Cooper, who he alledged was merely the special bail of the other defendant, objected to the order.
1. The authority of the prothonotary to ascertain the amount of a judgment, must of necessity have some limitation. A neglect of fourteen years to ascertain an amount; until both plaintiff and defendant are dead, and all the matters of defence forgotten, is such laches as ought not to be aided, and an application now to ascertain the amount as against a surety, will not be entertained.
2. There are no legal parties to the suit; both plaintiff and defendant are dead.
3. These were actions on a bail bond against principal and bail, and the amount of the judgment cannot be ascertained against the surety, until it is ascertained against the principal; and cannot be recovered against either, until judgment is recovered against the principal in the original action.
4. The constitution authorizes the continuing of a suit by suggestion of death, but this must be done at the next term. There is now no power by mere suggestion to make proper parties in these causes.
Mr. Bates replied, that this was not the case of an attempt to continue a suit pending, after the death of a party, with a view to obtain a judgment; but it was the application of a party who has a judgment, *Page 190 
for an order on the officer of the court to execute the original order made on him.
The Court laid the rule to show cause; which was afterwards, on full hearing, discharged; the court refusing to permit the amount of the judgment to be ascertained in a summary way after so great a lapse of time.